UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA, et al.,

                        Plaintiffs,

                                              73-CV-414(LJV)(Police Case)

      v.                                        74-CV-195(LJV)(Fire Case)

CITY OF BUFFALO, et al.,

                        Defendants.

_____

## ORDER PARTIALLY TERMINATING THE 1979 FINAL DECREE AND ORDER

On December 29, 2016, plaintiff United States and defendant City of Buffalo (collectively, the "moving parties") jointly moved this Court for partial termination of the 1979 Final Decree and Order ("1979 Order") in the above matters.  Docket Item 582 (Police Case); Docket Item 601 (Fire Case).   In support of the joint motion, the Moving Parties submitted the Declaration of Carolyn P. Weiss, Esq., the Declaration of Bernard R. Siskin, Ph.D., the Declaration of Latisha L. Cambridge, and the Declaration of Gladys Herndon-Hill, all filed with this Court on December 29, 2016.  Intervenor Plaintiff Members of Color Helping All Society, Inc., ("MOCHA") and Intervenor Defendant Buffalo Professional Fire Fighters Association, Local 282, AFL-CIO ("Local 282") did not object to the motion.  No other party responded.

On February 16, 2017, the Court heard oral argument on the motion, with:  Claire F. Geller, Esq., and Carolyn P. Weiss, Esq., appearing for the United States; Adam W. Perry, Esq., Joseph. S. Brown, Esq., and Joshua Feinstein, Esq., appearing for the City of Buffalo; Dariely Rodriguez, Esq., appearing by telephone for MOCHA; and Jonathan G. Johnsen, Esq., appearing for Local 282.

Having carefully reviewed the moving parties' submissions and the arguments of counsel, the Court grants the relief sought in the joint motion as follows:

A. Terminating the 1979 Order as it pertains to the Buffalo Fire Department, except as it pertains to employment practices related to the selection of fire lieutenants;

B. Requiring the parties to submit a joint status report with respect to the fire lieutenant promotional process within forty-five (45) days after the establishment of the next lieutenant eligibility list, and to include in the status report a summary of the results of that promotional process as well as each party's position on whether the lieutenant selection practices comply with the 1979 Order;

C. Terminating the 1979 Order with respect to the Buffalo Police Department, except as it applies to employment practices related to the selection of police lieutenants;

D. Requiring the parties to submit a joint status report with respect to the police lieutenant promotional process within forty-five (45) days after the establishment of the next lieutenant eligibility list, and to include in the status report a summary of the results of that promotional process as well as each party's position as to whether the lieutenant selection practices comply with the 1979 Order;

E. Terminating paragraphs 20 and 21 of Section VI of the 1979 Order regarding Buffalo's recordkeeping and reporting obligations as currently written; and

F. Requiring Buffalo, until final dissolution is achieved with respect to all employment practices, to continue to:

1. Retain all documents related to the employment practices for the positions of fire lieutenant and police lieutenant; and

2. Cooperate in good faith with the United States' record requests pertaining to the fire lieutenant and police lieutenant employment practices.

SO ORDERED.

Dated:   March 30, 2017
         Buffalo, New York

                                   *s/Lawrence J. Vilardo*
                                   LAWRENCE J. VILARDO
                                   UNITED STATES DISTRICT JUDGE